IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA DALY ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No: |
| ) | |
| NORTHWEST SAVINGS BANK ) | Complaint-Class Action |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | Electronically Filed |

## CLASS ACTION COMPLAINT

### Summary Of The Case

1.    This class action alleges that Defendant Northwest Savings Bank willfully violates §1681g(g) of the Fair Credit Reporting Act, 15 U.S.C. 1681g(g), by procuring and using consumer credit scores in connection with applications for home mortgages without disclosing credit score information to the applicants.  The FCRA requires any person who makes or arranges loans and who uses a consumer credit score in connection with a loan application to disclose certain information related to the credit score to the consumer "as soon as reasonably practicable." 15 U.S.C. § 1681g(g)(1)(A).  Northwest routinely, and as a matter of practice and procedure, fails to make these disclosures.  Ms. Daly demands statutory damages, punitive damages, attorneys' fees, and costs as a result of the violations of the FCRA.

### Jurisdiction & Venue

2.    The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) and 28 U.S.C.

§1331as the Defendants regularly do business in the district and division.

4. Defendant maintains offices and is subject to service of process in Pittsburgh. These offices are located in this district and division.

5. Plaintiff lives in Pittsburgh in this district and division. Plaintiff applied for a mortgage loan with Defendant in Pittsburgh.

## Parties

6. Plaintiff Donna Daly is a natural person. She resides in the Western District of Pennsylvania and is a "person" and "consumer" as defined by the FCRA at 15 U.S.C. §1681a(b) and (c) because she is an individual. Unless otherwise specifically stated herein, the term "Plaintiff" shall refer to Donna Daly.

7. Northwest Savings Bank ("Northwest") is a Pennsylvania-chartered savings bank headquartered in Warren, Pennsylvania. It is a subsidiary of Northwest Bancshares, Inc. a Federally-chartered savings and loan holding company regulated by the Office of Thrift Supervision. Northwest uses "credit scores", as that term is defined in 15 U.S.C. §1681g(f)(2)(A), in connection with mortgage loan applications by consumers. Northwest is a "person" within the meaning of § 1681a(b) which defines that term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

## Factual Allegations

### The FCRA Imposes Duties On Persons Who Obtain Consumer Credit Scores About Prospective Home Loan Borrowers

8. Section 1681g(g)(1)(A) requires that any "person" who makes or arranges loans and who uses a consumer credit score in connection with a consumer application to

2

disclose information about that credit score to the consumer applicant. Specifically, this provision provides:

> **(g) Disclosure of credit scores by certain mortgage lenders**
>
> **(1) In general**
>
> Any person who makes or arranges loans and who uses a consumer credit score, as defined in subsection (f) of this section, in connection with an application initiated or sought by a consumer for a closed end loan or the establishment of an open end loan for a consumer purpose that is secured by 1 to 4 units of residential real property (hereafter in this subsection referred to as the "lender") shall provide the following to the consumer as soon as reasonably practicable:
>
> **(A) Information required under subsection (f)—**
>
> **(i) In general**
> A copy of the information identified in subsection (f) of this section that was obtained from a consumer reporting agency or was developed and used by the user of the information.
>
> **(ii) Notice under subparagraph (D)**
>
> In addition to the information provided to it by a third party that provided the credit score or scores, a lender is only required to provide the notice contained in subparagraph (D).

15 U.S.C.A. § 1681g(g)(1)(A).

9. The information that is identified in Subsection (f) of Section 1681g and that must be disclosed includes:

    (A)    the current credit score of the consumer or the most recent credit score of the consumer that was previously calculated by the credit reporting agency for a purpose related to the extension of credit;

    (B)    the range of possible credit scores under the model used;

    (C)    all of the key factors that adversely affected the credit score of the consumer in the model used, the total number of which shall not exceed 4, subject to paragraph (9);

    (D)    the date on which the credit score was created; and

> (E)  the name of the person or entity that provided the credit score or credit file upon which the credit score was created.

15 U.S.C.A. § 1681g(f).

10.  The information that a lender must disclose pursuant to subparagraph D of § 1681g(g) is a notice to applicants informing them of their right to obtain credit score information and explaining how credit scores affect their application for a mortgage.  The text of the required notice provides as follows:

> **(D) Notice to home loan applicants**
>
> A copy of the following notice, which shall include the name, address, and telephone number of each consumer reporting agency providing a credit score that was used:
>
> **NOTICE TO THE HOME LOAN APPLICANT**
>
> In connection with your application for a home loan, the lender must disclose to you the score that a consumer reporting agency distributed to users and the lender used in connection with your home loan, and the key factors affecting your credit scores.
>
> The credit score is a computer generated summary calculated at the time of the request and based on information that a consumer reporting agency or lender has on file. The scores are based on data about your credit history and payment patterns. Credit scores are important because they are used to assist the lender in determining whether you will obtain a loan. They may also be used to determine what interest rate you may be offered on the mortgage. Credit scores can change over time, depending on your conduct, how your credit history and payment patterns change, and how credit scoring technologies change.
>
> Because the score is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Credit records may vary from one company to another.
>
> If you have questions about your credit score or the credit information that is furnished to you, contact the consumer reporting agency at the address and telephone number provided with this notice, or contact the lender, if the lender developed or generated the credit score. The consumer reporting agency plays no part in the decision to take any action on the loan application and is unable to provide you with specific reasons for the decision on a loan application.

If you have questions concerning the terms of the loan, contact the lender.

15 U.S.C.A. § 1681g(g)(D).

### **Northwest Violated The Duties Imposed By Section § 1681g(g).**

11. In July 2010, Ms. Daly applied for a loan with Northwest. Ms. Daly wanted to obtain an approval for financing to purchase a home as she had sold the home in which she had been living.

12. Northwest knew that the loan would be secured by a mortgage on the home that Ms. Daly intended to purchase.

13. On July 27, 2010, Northwest obtained a credit report and consumer credit scores from CBCInnovis, a credit reporting agency, in connection with Ms. Daly's application for a pre-qualification on her loan

14. On the same date, July 27, 2010, Northwest sent a letter to Ms. Daly informing her that Northwest could not issue her a pre-approval certificate for a mortgage loan because of information contained in a credit report ordered from Experian. Enclosed with the letter was a notice that purports to be an effort to comply with the notice provisions of the Equal Credit Opportunity Act. Plaintiff attaches and incorporates a copy of what she received hereto as Exhibit "A."

15. Northwest did not, at any time, provide Ms. Daly the disclosures required by 15 U.S.C.A. § 1681g(g)(1)(A)(i) with respect to the credit scores obtained from CBCInnovis in connection with Ms. Daly's loan application.

16. Northwest did not, at any time, provide Ms. Daly the Notice To Home Loan Applicant required by 15 U.S.C.A. § 1681g(g)(1)(A)(ii) with respect to the credit scores obtained from CBCInnovis in connection with Ms. Daly's loan application.

17. CBCInnovis provided a document to Northwest entitled "Score Disclosure" which contained information encompassed by 15 U.S.C.A. § 1681g(g)(1)(A), but such a disclosure was never provided to Ms. Daly.

**Northwest Failed To Provide The Disclosures Required By 15 U.S.C.A. § 1681g(g)(1)(A) As A Matter Of Practice And Procedure**

18. Northwest regularly makes residential mortgage loans secured by residential real property.

19. Northwest regularly uses consumer credit scores in connection with applications from consumers for closed-end and open-end loans secured by residential real property.

20. Northwest regularly fails to provide as soon as reasonably practicable the consumer credit scores to its consumer applicants whose consumer credit scores were used in connection with applications for close-end and open-end loans secured by residential real property.

21. Northwest regularly fails to provide as soon as reasonably practicable the Notice required by 15 U.S.C. §1681g(g)(1)(A)(i) to its consumer applicants whose credit scores were used in connection with applications for close-end and open-end loans secured by residential real property.

**Northwest Acted Willfully**

22. Northwest knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

23. Northwest is a sophisticated lender who knows or should know of its duties and responsibilities under the FCRA.

24. Upon information and belief, Northwest obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any lender acting reasonably under similar circumstances, knows about or can easily discover these FCRA mandates.

25. Despite knowing of these legal obligations, Northwest acted consciously in breaching known duties and depriving Ms. Daly and other members of the class of their rights under the FCRA.

26. As a result of these FCRA violations, the Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n.

27. Plaintiff and Class Members are entitled to equitable relief requiring Northwest's compliance with the FCRA in all future instances and enjoining future violations of the FCRA.

### Class Action Statement

28. Ms. Daly brings this action individually and on behalf of all persons similarly situated pursuant to Fed. R. Civ. P. 23.

29. Ms. Daly seeks to represent the following defined class:

>All persons who sought pre-qualification for or applied for a residential mortgage loan with Northwest for either a closed-end or open-end credit which was to be secured by 1 to 4 units of residential property within the period prescribed by FCRA, 15 U.S.C. §1681p, prior to the filing of this action until the present and about whom Northwest obtained a consumer credit score in connection with the residential mortgage loan application.

30.     Based upon information and belief, the class is so numerous that it is impracticable to join all members of the class to this action. The names and addresses of the Class members are identifiable through documents maintained by the Northwest, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

31.     Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

> a) Whether Northwest implemented a policy of failing to disclose the credit scores that it used to make decisions regarding residential loan mortgage applications;
>
> b) Whether Northwest ever sent any credit scores or notices to home loan applicants in connection with any application for a mortgage secured by residential real property.
>
> c) Whether Northwest willfully violated 15 U.S.C. §1681g(g).

32.     Plaintiff's claims are typical of the claims of members of the Class. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

33.     Plaintiff is an adequate representative of the Class because her interests

coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained competent counsel experienced in such litigation; and she intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

34. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

35. FED. R. CIV. P. 23(b)(2) class certification is appropriate because Defendants have acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

**COUNT I**
**Fair Credit Reporting Act**
**Failure To Provide Credit Score Disclosures**
**15 U.S.C. 1681g(g)(1)(A)(i)**

36. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

37. Northwest failed to comply with the provisions of the FCRA at 15 U.S.C. §1681g(g)(1)(A)(i) because it failed to provide Ms. Daly and the class members with the credit score disclosures required by 15 U.S.C. §1681g(g))(1)(A)(i) .

38. By virtue of actions, policies, and procedures, Northwest willfully violated 15 U.S.C. §1681g(g)(1)(A)(i) entitling the class to statutory damages under 15 U.S.C. §1681n.

39. Ms. Daly and the class members have suffered damages as a result of the FCRA violation by Northwest.

**COUNT II**
**Fair Credit Reporting Act**
**Failure To Provide Notice To Home Loan Applicant**
**15 U.S.C. 1681g(g)(1)(A)(ii)**

40. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

41. Northwest failed to comply with the provisions of the FCRA at 15 U.S.C. §1681g(g)(1)(A)(ii) because it failed to provide Ms. Daly and the class members with the notice of credit score rights required by 15 U.S.C. §1681g(g)(1)(A)(ii).

42. By virtue of actions, policies, and procedures, Northwest willfully violated 15 U.S.C. §1681g(g)(1)(A)(ii) entitling the class to damages under 15 U.S.C. §1681n.

43. Ms. Daly and the class members have suffered damages as a result of the FCRA violation by Northwest.

**Prayer for Relief**

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted

Donna Daly

s/ James M. Pietz
By: James M. Pietz

James M. Pietz, Esq.
Pa. I.D. 55406
PIETZ LAW OFFICE LLC
429 Forbes Avenue, Suite 1616
Allegheny Building
Pittsburgh, Pa. 15219
jpietz@jpietzlaw.com

A. Hugo Blankingship, III, VSB 26424
Thomas B. Christiano, VSB 43940
Blankingship & Christiano, P.C.
1984 Isaac Newton Square, #304
Reston, Virginia 20190
(571) 313-0412
Fax:(571) 313-0582